IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:14-CV-12-FL

| | | |
|---|---|---|
| WILLIE EARL SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the court on the parties' cross motions for judgment on the pleadings (DE 22, 25). Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge James E. Gates issued a memorandum and recommendation ("M&R"), wherein it is recommended that the court deny plaintiff's motion, grant defendant's motion, and affirm defendant's final decision. Plaintiff timely filed objections to the M&R and the response time has expired. In this posture, the issues raised are ripe for ruling. For the reasons that follow, the court adopts the recommendation of the magistrate judge.

## BACKGROUND

Plaintiff filed applications for disability insurance benefits and supplemental security income, alleging disability beginning October 1, 2010. On October 1, 2012, an Administrative Law Judge ("ALJ") denied plaintiff's applications. On November 20, 2012, the appeals council admitted additional evidence into the record but denied the request for review. Plaintiff filed the instant action on January 16, 2014.

# DISCUSSION

A.  Standard of Review

The court has jurisdiction under 42 U.S.C. § 405(g) to review the Commissioner's final decision denying benefits. The court must uphold the factual findings of the ALJ "if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence is . . . such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quotations omitted). The standard is met by "more than a mere scintilla of evidence but . . . less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). In reviewing for substantial evidence, the court is not to "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment" for the Commissioner's. Craig, 76 F.3d at 589. "While the Commissioner's decision must contain a statement of the case, in understandable language, setting forth a discussion of the evidence, and stating the Commissioner's determination and the reason or reasons upon which it is based . . . there is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision." Reid v. Comm'r of Soc. Sec., 769 F.3d 861, 865 (4th Cir. 2014) (quotation marks omitted).

To assist it in its review of the Commissioner's denial of benefits, the court may "designate a magistrate judge to conduct hearings . . . and to submit . . . proposed findings of fact and recommendations for the disposition [of the motions for judgment on the pleadings]." See 28 U.S.C. § 636(b)(1)(B). The parties may object to the magistrate judge's findings and recommendations, and the court "shall make a de novo determination of those portions of the report or specified

proposed findings or recommendations to which objection is made." Id. § 636(b)(1). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir.1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The ALJ's determination of eligibility for Social Security benefits involves a five-step sequential evaluation process, which asks whether:

> (1) the claimant is engaged in substantial gainful activity; (2) the claimant has a medical impairment (or combination of impairments) that are severe; (3) the claimant's medical impairment meets or exceeds the severity of one of the impairments listed in [the regulations]; (4) the claimant can perform [his or her] past relevant work; and (5) the claimant can perform other specified types of work.

Johnson v. Barnhart, 434 F.3d 650, 654 n.1 (4th Cir. 2005) (citing 20 C.F.R. § 404.1520). The burden of proof is on the claimant during the first four steps of the inquiry, but shifts to the Commissioner at the fifth step. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995).

In the instant matter, the ALJ performed the sequential evaluation. At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since October 1, 2010, the date of alleged onset of disability. At step two, the ALJ found that plaintiff had the following severe impairments: cervical disc disease, diabetes mellitus, hypertension, headaches and obesity.

3

However, at step three, the ALJ further determined that these impairments were not severe enough to meet or medically equal one of the listings in the regulations. Prior to proceeding to step four, the ALJ determined that during the relevant time period plaintiff had the residual functional capacity ("RFC") to perform light work, with the additional limitations of no balancing; climbing of ladders, ropes or scaffolds; or exposure to hazards such as unprotected heights and moving machinery. In making this assessment, the ALJ found plaintiff's statements about plaintiff's limitations not fully credible. At step four, the ALJ concluded plaintiff was not capable of performing any past relevant work. At step five, upon considering testimony of a vocational expert ("VE"), the ALJ determined that there were jobs that existed in significant numbers in the national economy that plaintiff is capable of performing.

B.   Analysis

The M&R rejected plaintiff's arguments that the ALJ had erred in finding plaintiff's statements not fully credible, and in making the determination of plaintiff's RFC. In addressing plaintiff's RFC argument, the magistrate judge specifically recommended the court uphold the ALJ's assessment of the opinion of William A. Munn ("Munn"), a physician's assistant who had treated plaintiff at a multispecialty medical group. On May 14, 2012, Munn wrote a letter to plaintiff's attorney describing plaintiff's health conditions. The letter opined that plaintiff had suffered injuries from a motor vehicle accident which "likely would prevent him from ever being able to qualify and drive a semi-tractor trailer safely." (Tr. 605). Munn further stated that, due to plaintiff's "severe medical problems," in addition to plaintiff's medications and financial troubles in affording medication, Munn "would consider [plaintiff] unemployable at any level." (Id.). The M&R found

4

that the ALJ's assessment of Munn's opinion was supported by substantial evidence and based on proper legal standards.

In his objections, plaintiff maintains that the ALJ erred in assessing plaintiff's RFC. Plaintiff's primary argument is that the ALJ's assessment of Munn's opinion was not based on substantial evidence or proper legal standards. The court disagrees.

The regulations provide that evidence from "acceptable medical sources" is necessary to "establish whether [a claimant has] a medically determinable impairment." 20 C.F.R. § 404.1513(a); 416.913(a). "Acceptable medical sources" are defined to include licensed physicians, licensed or certified psychologists, licensed optometrists, licensed podiatrists, and (in cases involving speech or language impairments) qualified speech language pathologists. Id. Physicians' assistants fall under the category of "other sources." Id. §§ 404.1513(d); 416.913(d). Although information from these "other sources" is insufficient to establish the *existence* of an impairment, such information can be used "to show the severity of [the claimant's] impairment(s) and how it affects [their] ability to work." Id.; SSR 06-03p, 2006 WL 2329939, at *4 (Aug. 9, 2006).

The Commissioner has reserved her authority to make the determination of whether an individual is "disabled," regardless of the opinions from acceptable medical sources or other sources. 20 C.F.R. §§ 404.1527(d)(1); 416.927(d)(1). In making its determination, the ALJ must "review all of the medical findings and other evidence that support [the source's] statement that [the claimant is] disabled." Id.; SSR 06-03p (providing that the same factors used in 20 C.F.R. §§ 404.1527(d) and 416.927(d) can be applied to opinion evidence from "other sources."). Factors to be considered include "[h]ow consistent the opinion is with other evidence," and "[t]he degree to which the source

presents relevant evidence to support an opinion." SSR 06-03p, 2006 WL 2329939, at *4. The ALJ "should explain the weight given to opinions from these 'other sources,' or otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent review to follow the adjudicator's reasoning, when such opinions may have an effect on the outcome of the case." Id., at *6.

The ALJ expressly addressed Munn's opinion, explaining as follows:

> In a May 2012 letter, Mr. Munn reported that injuries from the claimant's motor vehicle accident would prevent him from ever being able to drive a tractor trailer successfully and that he considered the claimant unemployable at any level. However, Mr. Munn is not a physician or accepted medical source and his opinion is not consistent with his reports that the claimant moved all his extremities well with no focal neurological deficits and his characterizations of the claimant's hypertension as benign and his diabetes as uncomplicated. Accordingly, his opinion is not accorded great weight.

(Tr. 21).

Pursuant to the law outlined above, Munn's opinion as to whether plaintiff was "unemployable at any level," (Id., 605), was not binding on the ALJ. 20 C.F.R. §§ 404.1527(d)(1); 416.927(d)(1). The ALJ considered the record evidence from the notes of Munn's exams and found they did not support Munn's statement. Review of these notes shows that Munn found no focal neurologic deficits (Tr. 609, 613) or difficulties moving extremities (Id., 609, 612). Munn's found plaintiff's diabetes "uncomplicated." (Id., 613). While Munn's opinion described plaintiff's hypertension as a "severe medical problem[ ]," (Id., 605) the notes of treatment themselves do not indicate that this hypertension affected plaintiff's functioning in any way. This is substantial evidence supporting the ALJ's assessment. It is not the court's role to reweigh the evidence to determine whether it did in fact support Munn's opinion. Craig, 76 F.3d at 589.

6

Plaintiff asserts that the ALJ failed to take note that Munn's opinion also referred to plaintiff's history of cervical fusion, and the resulting limitations in plaintiff's range of motion in plaintiff's neck. While the ALJ's specific discussion of Munn's opinion did not take these findings into account, the decision elsewhere discussed the evidence concerning plaintiff's cervical spine, noting that x-rays did not indicate any severe conditions, and that plaintiff's treating physician, Dr. Scot Reeg, had described plaintiff as not "grossly impaired neurologically." (Tr. 19). Most pertinent, the ALJ noted that plaintiff underwent surgery in 2011, and that following surgery, in March 2012, Dr. Reeg reported plaintiff to have only "mild neck pain." (Id., 20, 622). "If a symptom can be reasonably controlled by medication or treatment, it is not disabling." Gross v. Heckler, 785 F.2d 1163, 1166 (4th Cir. 1986). Accordingly, substantial evidence supported the ALJ's assessment of Munn's opinion of plaintiff's neck pain, and the ALJ followed the appropriate legal standards.

Plaintiff also objects that he suffered from pain and numbness in his hands. However, the ALJ noted that Dr. Reeg reported normal grip strengths in a December 2010 exam, (Tr. 19, 485), that Dr. Munn reported good strength and normal movement in extremities in May 2011, (Id., 20, 612) and that Dr. Reeg again reported good strength in post-operative exams in November 2011 and March 2012 (Id., 20, 576, 622)). While plaintiff points to other reports which might support continuing symptoms, the court again declines to reweigh conflicting evidence. Craig, 76 F.3d at 589.

Finally, plaintiff makes the conclusory statement that he could not stand for six to eight hours during the workday, without citing any record support. The court has not found support in the record for such a position.

## CONCLUSION

Based on the foregoing, upon *de novo* review of the portions of the M&R to which specific objections were raised, and upon considered review of the remainder, the court ADOPTS the M&R in full. The court DENIES plaintiff's motion for judgment on the pleadings (DE 22), and GRANTS defendant's motion for judgment on the pleadings (DE 25). The clerk is DIRECTED to close this case.

SO ORDERED, this the 17th day of March, 2015.

_____
LOUISE W. FLANAGAN
United States District Judge